**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1380**

MICHAEL EUGENE TANN,

              Plaintiff - Appellant,

        v.

LUDWIKOSKI; GEORGE MATEJA,

              Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    Benson Everett Legg, District Judge.
(1:10-cv-00612-BEL)

Submitted:  August 2, 2010          Decided:  August 18, 2010

Before DUNCAN, AGEE, and DAVIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Michael Eugene Tann, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Eugene Tann appeals the district court's order summarily dismissing his 42 U.S.C. § 1983 (2006) complaint for failure to state a claim. In his complaint, Tann, a student at Baltimore County Community College, alleged that his professor, David Ludwikoski, treated him differently than white students regarding certain classroom and course policies. Specifically, Tann alleged that Ludwikoski maintained strict classroom policies and required students to sign a contract acknowledging these policies, but exceptions were made for white students regarding late class and homework assignments, while Tann was not given similar accommodations. In addition, Tann stated that Ludwikoski gave a white student points for an incorrect answer, but refused to give Tann points for the same answer. Finally, Tann stated that George Mateja, the Assistant Dean for the College's Science Department, discriminated against him by reinforcing and upholding Ludwikoski's allegedly discriminatory decisions.

The district court found that neither Ludwikoski nor Mateja were state actors and their conduct was not fairly attributable to the State. It accordingly dismissed the complaint on this ground without requiring a responsive pleading from the defendants. We vacate the district court's order and remand the case to the district court for further proceedings.

2

In order to state a claim under 42 U.S.C. § 1983, the plaintiff must allege that defendant violated "a right secured by the Constitution and laws of the United States," and that the deprivation of that right "was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988). There is no distinction between state action and action under color of state law. Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); United States v. Price, 383 U.S. 787, 794 n.7 (1966). One acts under color of state law when he has exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326 (1941). "[S]tate employment is generally sufficient to render the defendant a state actor." Lugar, 457 U.S. at 936 n.18; see West, 487 U.S. at 50.

We conclude that Ludwikoski and Mateja, as employees of a state public educational institution created by state law, are state actors. We also conclude that the district court's application of the Jackson[*] test to determine whether Ludwikoski and Mateja acted under color of state law was inappropriate in the context of a public college setting. See Chalfant v. Wilmington Inst., 574 F.2d 739, 745 (3d Cir. 1978) ("We have

[*] Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974).

3

expressly rejected the application of the Jackson test, which was enunciated within the context of a private enterprise electric utility, to the analysis of state action in a public library, a university, or any other public educational institution.").

Accordingly, we vacate the district court's order and remand the case to the district court for further proceedings. We deny Tann's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

4